Eugene Licker (EL 0334)
KIRKPATRICK & LOCKHART LLP
599 Lexington Avenue
New York, New York 10022-6030
Phone: (212) 536-3900
Fax: (212) 536-3901

Jerry S. McDevitt
Curtis B. Krasik
Sabrina J. Hudson
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Phone: (412) 355-6500
Fax: (412) 355-6501

**04 CV 05510**

**JUDGE MARRERO**



Attorneys for Plaintiffs World Wrestling Entertainment, Inc.,
WCW, Inc. and WWE Libraries, Inc.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
WORLD WRESTLING          :
ENTERTAINMENT, INC., a Delaware   :
corporation, WCW, INC., a Delaware   :
corporation, WWE LIBRARIES, INC., a  :
Delaware corporation,            :
                            :
      Plaintiffs,            :     **COMPLAINT**
                            :
  -against-              :
                            :
MARVEL CHARACTERS,       :
INC., a Delaware corporation,     :
                            :
      Defendant.           :
----------------------------------------------------------X

    World Wrestling Entertainment, Inc., f/k/a Titan Sports, Inc. and World Wrestling

Federation Entertainment, Inc., WCW, Inc. and WWE Libraries, Inc. (collectively, "WWE") file

this Complaint against Defendant Marvel Characters, Inc. ("Marvel Characters").

## NATURE OF THE ACTION

1.     By this action, WWE seeks a declaration that it may continue to use the character name HULK HOGAN—as it has done for the last 20 years—to fairly and accurately describe and/or reference performances and images of HULK HOGAN depicted in WWE's copyrighted videos, television programs and other copyrighted works.

2.     HULK HOGAN is one of the most popular and prominent wrestling characters over the past 20 years.  Throughout that time, HULK HOGAN exclusively has been portrayed by Terry Bollea.

3.     Bollea portrayed HULK HOGAN in connection with WWE professional wrestling exhibitions from approximately 1984 through 1992 and January 2002 through April 2003.  During those two stints with WWE, HULK HOGAN—like all WWE characters—was depicted in, *inter alia,* numerous copyrighted videos, pay-per-view programs, television programs, photographs, magazine articles and more.  WWE is the exclusive owner of copyrights in all such works.

4.     For over 20 years, WWE has fully exploited its rights as the copyright owner of its copyrighted works depicting HULK HOGAN.  As an inherent and necessary part of that exploitation, WWE has used the name HULK HOGAN to reference, identify and/or describe performances of HULK HOGAN depicted in its copyrighted works.

5.     Defendant Marvel Characters claims that it owns the trademark HULK HOGAN.  Despite WWE's repeated inquiries, however, documents provided by Marvel Characters to WWE fail to establish Marvel Character's purported ownership of the HULK HOGAN mark.

6.     Nevertheless, Marvel Characters, through its parent corporation, Marvel Enterprises, Inc., has threatened WWE in a series of recent correspondence that WWE can no

longer use the name HULK HOGAN to fairly and accurately reference, identify and/or describe performances of HULK HOGAN depicted in WWE's copyrighted works.

7.      WWE, therefore, has brought this action seeking a declaration (i) that WWE may continue to exploit its copyrighted works containing auditory and visual references to the name HULK HOGAN in connection with performances and images of HULK HOGAN depicted therein; (ii) that WWE may continue to use the name HULK HOGAN in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately identify and describe performances and images of HULK HOGAN depicted therein; and (iii) as to whether Marvel is the owner of rights in the HULK HOGAN mark in the first instance.

## PARTIES

8.      Plaintiff WWE is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902.  WWE is an integrated media and entertainment company principally engaged in the development, promotion, and marketing of television programming, pay-per-view programming, and live arena events, and the licensing and sale of branded consumer products.

9.      WWE has been involved in the business of promoting and producing sports entertainment programming for over 20 years and has developed WWE into one of the most popular forms of entertainment today.  WWE's unique product is perhaps best described as an action-packed, episodic drama that is akin to an ongoing, ever-developing soap opera based around WWE's unique and attractive wrestling characters.  Each wrestling character appears under a trademarked name and is distinctively delineated with a unique persona, history, relationships, music and visual appearance and behavior.

10.     WWE promotes hundreds of live shows each year in arenas and stadiums in cities around the world.  WWE also currently produces five nationally-distributed television

programs each week on broadcast and cable television, and two weekly syndicated television programs.  WWE produces monthly pay-per-view programs available through cable and satellite pay-per-view distributors.  In addition, WWE engages in an extensive licensing program pursuant to which WWE's copyrighted characters, trademarks, service marks and other intellectual property rights are depicted on myriad consumer products, including, *inter alia,* home videos, video games, action figures and clothing.

11.     Plaintiff WCW, Inc. is a wholly-owned subsidiary corporation of World Wrestling Entertainment, Inc., which is the copyright owner of video works acquired from and formally owned by World Championship Wrestling, Inc.

12.     Plaintiff WWE Libraries, Inc. is a wholly-owned subsidiary corporation of World Wrestling Entertainment, Inc., which is the copyright owner of video works acquired from and formally owned by various third parties, including, *inter alia*, video works relating to the American Wrestling Association.

13.     Defendant Marvel Characters, Inc. is a Delaware corporation having its principal place of business at 10474 Santa Monica Boulevard, Suite 206, Los Angeles, California 90025.  Marvel Characters, Inc. is a wholly-owned subsidiary of Marvel Enterprises, Inc., which is a Delaware corporation having its principal place of business at 10 East 40th Street, New York, New York 10016.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (action arising under the Copyright Act and the Lanham Act), 15 U.S.C. Section 1121 (action arising under the Lanham Act) and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to copyrights and trademarks).

15.     This Court has personal jurisdiction over Defendant Marvel Characters in that, *inter alia*, (i) Marvel Characters regularly transacts business in the State of New York; (ii) Marvel Characters' parent corporation, Marvel Enterprises, Inc., maintains its principal place of business in the State of New York, through which Marvel Characters transacts certain business operations; and (iii) Marvel Characters previously has consented to jurisdiction in the State of New York, including by, *inter alia,* voluntarily filing litigation in the United States District Court for the Southern District of New York relating to its purported rights in the HULK HOGAN mark.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that (i) Defendant Marvel Characters regularly transacts business in this District; (ii) WWE maintains its principal advertising sales office in this District; (iii) Marvel Characters previously has filed litigation in this District relating to its purported rights in the HULK HOGAN mark; and (iv) a substantial part of the events giving rise to the claims herein occurred in this District.

## THE FACTS

### WWE and Marvel Comics Enter Into The 1985 Contract

17.     In or around the early 1980's, Terry Bollea began to portray the HULK HOGAN character in connection with professional wrestling exhibitions.  As noted above, Bollea has exclusively portrayed the HULK HOGAN character for over 20 years.

18.     On or around November 12, 1983, Bollea and WWE (then known as Titan Sports, Inc.) entered into a contract for Bollea to perform as HULK HOGAN exclusively for WWE in connection with wrestling-related events and products.  In that connection, HULK HOGAN was portrayed in, among others things, (i) WWE live shows; (ii) WWE broadcast and cable television programs; (iii) WWE pay-per-view programs; (iv) WWE magazines; and (v)

WWE branded merchandise, including *inter alia*, home videos, photographs, trading cards, posters, and calendars.

19.     In or around 1985, Marvel Comics Group, a division of Cadence Industries Corp. ("Marvel Comics"), claimed that the name HULK HOGAN violated Marvel Comics' purported rights in the INCREDIBLE HULK trademark.

20.     At that time, WWE was in the midst of the ambitious expansion of its business from an exclusively regional promoter of professional wrestling exhibitions to the national sports entertainment media company it has become today.  WWE thus was not in a position to engage in costly and diversionary trademark litigation with such an established company like Marvel Comics.

21.     Accordingly, to revolve and settle Marvel Comics' purported claims without litigation, in or around 1985, WWE entered into a contract (the "1985 Contract") with Marvel Comics pursuant to which WWE was authorized to use the marks HULK HOGAN, HULKAMANIA and HULKSTER in exchange for the payment of certain royalties.  A copy of the 1985 Contract is attached at Exhibit A.

22.     Under the 1985 Contract, Marvel granted to WWE an exclusive, worldwide license to use the marks HULK HOGAN, HULKAMANIA and HULKSTER:

> in any and all media, including but not limited to live wrestling exhibitions, TV and radio transmissions of live or prerecorded wrestling exhibitions, dramatic and non-dramatic television, television series, dramatic and non-dramatic motion pictures (both theatrical and television), merchandising, toys, animation (both for television and theatrical uses), books, videocassettes and discs . . . in connection or in association with the World Wrestling Federation, or Titan, or Terry Bollea or the character or caricature of Terry Bollea.

See 1985 Contract, ¶ 1.

23.    The 1985 Contract thus specifically and expressly provided for and contemplated that WWE would use HULK HOGAN in connection with, *inter alia*, WWE copyrighted works, including, *inter alia,* (i) television transmissions of prerecorded wrestling exhibitions; (ii) dramatic and non-dramatic television; (iii) dramatic and non-dramatic motion pictures; (iv) books; (v) videocassettes; and (v) discs.  See 1985 Contract, ¶¶ 1 & 3(f).

24.    The term of the license began on July 9, 1984, and continues until the earlier of 20 years from the date of "this agreement" or when Bollea ceases to be involved with wrestling.  See 1985 Contract, ¶ 2.  Bollea remains involved in wrestling and, therefore, the license expires 20 years from the date of "this agreement."  Although the date of "this agreement" as used in Paragraph 2 of the 1985 Contract is March 25, 1985, which would make the license expire on March 25, 2005, Marvel Characters has taken the position that the license expires on July 9, 2004.

### Bollea's Performance As HULK HOGAN

25.    Bollea performed for WWE from in or around 1983 through in or around 1992.

26.    From in or around 1992 through June 1994, Bollea took a hiatus from wrestling full-time and focused on non-wrestling activities, including an acting career in movies and television shows.

27.    In or around June 1994, Bollea entered into an agreement with WWE's principal competitor at the time, World Championship Wrestling, Inc. ("WCW"), to appear as HULK HOGAN exclusively for WCW.  On behalf of WCW, HULK HOGAN was portrayed in, among other things, (i) WCW live events; (ii) WCW cable television programming; (iii) WCW pay-per-view programs; and (iv) WCW branded merchandise, including without limitation, videos and DVDs.

28.     Also in or around June 1994, WCW and Bollea entered into an agreement with Marvel Entertainment Group, Inc. (the "WCW License") pursuant to which WCW was authorized to use the marks HULK HOGAN, HULKAMANIA and HULKSTER, and variances and derivatives thereof, in exchange for the payment of certain royalties.

29.     The term of the WCW License initially was for one (1) year.  Those parties subsequently entered into three renewal agreements in January 1995, May 1997 and June 1999, collectively extending the term of the WCW License through May 30, 2002.

30.     Similar to the 1985 Contract, the WCW License specifically granted WCW the right to use the HULK HOGAN mark "in any and all media, now known or hereafter devised, including but not limited to live or prerecorded promotional and wrestling exhibitions, television, radio and telephone transmissions, publications, videocassettes, merchandising and licensing."  Like the 1985 Contract, therefore, the WCW License specifically and expressly provided for and contemplated that WCW would use HULK HOGAN in connection with WCW copyrighted works, including, *inter alia,* (i) prerecorded promotional and wrestling exhibitions; (ii) television transmissions; and (iii) videocassettes.

31.     Bollea continued to wrestle exclusively for WCW until WCW ceased operations in April 2001.

32.     In April 2001, WCW, Inc., a subsidiary corporation of WWE, acquired, among other things, all of WCW's intellectual property rights, including copyright ownership of the foregoing works depicting performances of HULK HOGAN.

33.     Following WCW's demise, Bollea entered into a new one-year contract with WWE dated January 15, 2002 to appear as HULK HOGAN exclusively for WWE.  At the expiration of that one-year contract, Bollea entered into a second one-year contract with WWE dated March 10, 2003.

34.     As during his earlier tenure with WWE, HULK HOGAN was portrayed in, among other things, (i) WWE live events; (ii) WWE broadcast and cable television programs; (iii) WWE pay-per-view programs; (iv) WWE magazines; and (v) WWE branded merchandise, including without limitation home videos, photographs, posters and a book.

35.     Bollea continued to wrestle exclusively for WWE until on or around June 26, 2003, when Bollea terminated his contract and ceased performing for WWE.

36.     For the last 20 years, WWE has abided by the 1985 Contract and paid royalties in accordance with the terms of the 1985 Contract.

37.     Upon expiration of the 1985 Contract, the license will be a "paid-up" license, pursuant to which Marvel will have no further right to royalties on previously-created WWE copyrighted works.

**WWE's Intent To Exploit Its Extensive Video Library**

38.     Through WWE's own historical footage and the acquisition by WCW, Inc. and WWE Libraries, Inc. of archival footage from various other wrestling promotions, WWE has obtained rights to one of the most extensive video libraries of wrestling footage in the world. As the exclusive copyright owner of all rights in such copyrighted works, WWE intends as a principal business objective to monetize and exploit those significant assets through, among other things, (i) WWE's recently announced video-on-demand service; (ii) the release of new videos and DVDs; (iii) the use of archival footage on WWE's weekly television programming; and (iv) the use of archival footage to produce new television programming.

39.     As one of the most popular and pervasive wrestling characters over the last 20 years, the exploitation of WWE's works portraying HULK HOGAN figures prominently in WWE's efforts to make use of its video library.

**Marvel Claims WWE Cannot Use The Name HULK HOGAN In Any Way Upon Expiration Of The 1985 Contract**

40.     In a series of correspondence over the last year, Marvel Characters, through its parent corporation, Marvel Enterprises, Inc., has threatened WWE regarding its right to continue to use the name HULK HOGAN in connection with copyrighted works created over the last 20 years.

41.     In fact, the first threatening letter from Marvel Enterprises, Inc.'s Senior Litigation Attorney, Eli Bard in April 2003 absurdly claimed that WWE was using the HULK HOGAN mark "without Marvel's permission and in violation of Marvel's valuable intellectual property rights" and demanded that WWE immediately cease and desist use of the HULK HOGAN mark.  On its face, Mr. Bard's letter made no sense as it completely ignored the 1985 Contract, which by its terms permitted the use in question.

42.     The real purpose of Marvel Character's threatening letter was revealed by Mr. Bard's bad faith offer to discuss the terms of a purported license with WWE, which was wholly unnecessary in light of the continuing effect of the 1985 Contract.  Marvel Characters, however, deliberately ignored the parties' 1985 Contract to attempt to coerce WWE to enter into a new license agreement on terms more favorable to Marvel Characters.

43.     Indeed, after WWE's rejection of its posturing, Marvel Characters ultimately conceded in subsequent correspondence the validity of the 1985 Contract authorizing WWE to use the HULK HOGAN mark.

44.     Once conceding the validity of the 1985 Contract, however, Marvel Characters began to dispute WWE's right to use the name HULK HOGAN in any way, including as necessary to exploit its copyrighted works depicting performances of HULK HOGAN, upon expiration of the 1985 Contract.  Specifically, Marvel Characters has asserted that upon expiration of the 1985 Contract WWE must cease all use of the name HULK HOGAN, both

within the content of WWE's copyrighted works themselves as well as in the advertisement or packaging of the copyrighted works.

45.    Marvel Characters has taken the position that WWE must cease all use of the name HULK HOGAN upon expiration of the 1985 Contract within the content of WWE's copyrighted works and in the advertisement and packaging thereof despite Marvel Comics (i) expressly acknowledging and agreeing pursuant to the 1985 Contract that WWE would create copyrighted works depicting performances and images of HULK HOGAN, and (ii) for 20 years knowingly accepting and cashing royalties specifically with respect to WWE copyrighted works depicting performances and images of HULK HOGAN.

46.    In addition, pursuant to the WCW License, Marvel Entertainment Group, Inc. separately acknowledged and agreed that WCW would create copyrighted works depicting performances and images of HULK HOGAN, which copyrights are now owned by WCW, Inc.

47.    In essence, Marvel Characters has taken the position that the HULK HOGAN character dies in July 2004, and that WWE will be violating Marvel Character's purported rights if WWE displays performances of the HULK HOGAN character rendered over the last 20 years.

48.    There is no limitation on WWE's rights as the copyright owner of its works depicting performances and images of HULK HOGAN set forth in the 1985 Contract, the WCW License or otherwise.

49.    WWE contends that under United States copyright and trademark law it has the unfettered right to fully exploit its copyrighted works depicting performances of HULK HOGAN, and to fairly and accurately reference, describe and/or identify performances of HULK HOGAN depicted therein.

50. Accordingly, an actual dispute and controversy exists between the parties with respect to WWE's rights upon the expiration of the 1985 Contract.

## WWE Disputes That Marvel Is The Owner Of The HULK HOGAN Mark

51. The licensor under the 1985 Contract was Marvel Comics.

52. The licensor under the WCW License was Marvel Entertainment Group, Inc.

53. The entity that was Marvel Comics in 1985, however, has been part of numerous transactions, legal transformations and at least one highly-complex bankruptcy reorganization over the past 20 years.

54. Similarly, the entity that was Marvel Entertainment Group, Inc. has been part of numerous transaction, legal transformations and at least one highly-complex bankruptcy reorganization.

55. Consequently, during the parties' series of correspondence over the last year, WWE has repeatedly requested documentation from Marvel Characters proving that it, in fact, owns the HULK HOGAN mark as a condition precedent to its attempts to enforce those rights against WWE.

56. Despite WWE's repeated inquiries, Marvel Characters has failed to provide documentation proving its purported ownership of the HULK HOGAN mark. Specifically, documents produced by Marvel Characters to WWE fail to establish that Marvel Characters is the successor-in-interest to the 1985 Contract or the WCW License and/or the owner of purported rights in the HULK HOGAN mark.

57.     Accordingly, an actual dispute and controversy exists between the parties with respect to whether Marvel Characters owns the HULK HOGAN mark, which rights it purports to be enforcing against WWE.

## COUNT I – DECLARATORY JUDGMENT

58.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

59.     WWE is the exclusive owner of copyrights in numerous works depicting performances and images of HULK HOGAN.

60.     As such, WWE has the right to fully exploit its copyrights in works depicting performances and images of HULK HOGAN.

61.     In exploiting its copyrights in works depicting performances and images of HULK HOGAN, WWE has the right to use the HULK HOGAN name within the content of WWE's copyrighted works to reference and identify the HULK HOGAN character.

62.     Marvel has disputed WWE's right to use the HULK HOGAN name in any way in connection with WWE's copyrighted works upon expiration of the 1985 Contract.

63.     Thus, an actual dispute and controversy exists with respect to whether, upon expiration of the 1985 Contract, WWE has the right to fully exploit its copyrights in works depicting the image and performances of HULK HOGAN, including, specifically, whether WWE may continue to exploit its copyrighted works containing auditory and visual references to the name HULK HOGAN in connection with performances and images of HULK HOGAN depicted therein.

64.     A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 et seq. as to whether WWE has the right to fully exploit its copyrights in works depicting

performances of HULK HOGAN, including, specifically, that WWE may continue to exploit its copyrighted works containing auditory and visual references to the name HULK HOGAN in connection with performances and images of HULK HOGAN depicted therein.

## COUNT II – DECLARATORY JUDGMENT

65.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

66.    WWE is the exclusive owner of copyrights in numerous works depicting performances and images of HULK HOGAN.

67.    In exploiting its copyrights in works depicting performances and images of HULK HOGAN, WWE has the right to use the HULK HOGAN name to fairly and accurately describe the contents of such works.

68.    Marvel has disputed WWE's right to use the HULK HOGAN name in any way in connection with WWE's copyrighted works upon expiration of the 1985 Contract.

69.    Thus, an actual dispute and controversy exists with respect to whether, upon expiration of the 1985 Contract, WWE has the right to fully exploit its copyrights in works depicting the image and performances of HULK HOGAN, including, specifically, whether WWE may continue to use the name HULK HOGAN in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately identify and describe performances of HULK HOGAN depicted therein.

70.    A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 *et seq.* as to whether WWE has the right to fully exploit its copyrights in works depicting performances of HULK HOGAN, including, specifically, that WWE may continue to use the

name HULK HOGAN in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately identify and describe performances of HULK HOGAN depicted therein.

## COUNT III – DECLARATORY JUDGMENT

71.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

72.     In demanding that WWE cease all use of the HULK HOGAN name upon expiration of the 1985 Contract, Marvel is purporting to enforce trademark rights it claims to own in the HULK HOGAN mark.

73.     Despite WWE's repeated inquiries, Marvel has refused to provide documentation proving its ownership of the HULK HOGAN mark.

74.     Thus, an actual dispute and controversy exists with respect to whether Marvel owns the HULK HOGAN mark, which rights it purports to be enforcing against WWE.

75.     A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 *et seq.* to determine whether Marvel owns the HULK HOGAN mark, so as to have the authority to purport to enforce those rights against WWE.

## PRAYER FOR RELIEF

WHEREFORE, WWE respectfully requests this Honorable Court to enter judgment in favor of WWE and award the following relief:

(i)     A declaration that the 1985 Contract expires on March 25, 2005.

(ii)     A declaration that, upon expiration of the 1985 Contract, WWE has the right to continue to exploit its copyrighted works containing auditory and visual references to the name

HULK HOGAN in connection with performances and images of HULK HOGAN depicted therein.

(iii)     A declaration that, upon expiration of the 1985 Contract, WWE has the right to continue to use the name HULK HOGAN in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately identify and describe performances of HULK HOGAN depicted therein.

(iv)     A declaration as to whether Marvel Characters owns the HULK HOGAN mark and thus has the authority to purport to enforce such rights against WWE.

(v)     WWE's litigation costs and expenses, including attorneys' fees.

(vi)     Such other relief as this Court may deem just, proper, and equitable.

**JURY TRIAL DEMANDED**

Respectfully submitted,

Eugene Licker (EL 0334)
KIRKPATRICK & LOCKHART LLP
599 Lexington Avenue
New York, New York 10022-6030
(212) 536-3900 (phone)
(212) 536-3901 (fax)

Jerry S. McDevitt
Curtis B. Krasik
Sabrina J. Hudson
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500 (phone)
(412) 355-6501 (fax)

Dated: July 14, 2004       Attorneys for Plaintiffs, World Wrestling Entertainment, Inc., WCW, Inc. and WWE Libraries, Inc.

# FRANKFURT, GARBUS, KLEIN & SELZ

### A PROFESSIONAL CORPORATION

### ATTORNEYS AT LAW

### 489 MADISON AVENUE

### NEW YORK, NEW YORK 10022

ARTHUR J. KLEIN
MARTIN GARBUS
MICHAEL P. FRANKFURT
THOMAS O. SELZ
ARTHUR J. GINSBURG
ROBERT N. SOLOMON
ROBERT G. WISE
RICHARD KURNIT
RICHARD B. HELLER
—————————
GERALD E. SINGLETON
THEA J. KERMAN
MAURA J. WOGAN
THOMAS E. ROTHMAN
EDWARD H. ROSENTHAL
STEPHEN S. MONAS
NEIL A. FRIEDMAN
CHERIE L. RODGERS

COUNSEL
STANFORD G. LOTWIN
ALAN H. LEVINE
JEFFREY L. GRAUBART*
*MEMBER OF NEW YORK AND
CALIFORNIA BAR

(212) 980-0120
CABLE ADDRESS
MATMITO
TELEX NUMBER
429734

March 25, 1985

BY HAND

Mr. Joseph A. Calamari
c/o Marvel Comics Group
387 Park Avenue South
New York, New York 10016

      Re: Hulk Hogan

Dear Joe:

     The following, I believe, encompasses the various conversations you and I have had.

     1.  Terry Bollea and Titan Sports, Inc. ("Titan") will quitclaim to The Marvel Comics Group, a division of Cadence Industries Corp. ("Marvel") all of their respective interests in the name Hulk Hogan and all variances and derivatives thereof, including but not limited to, Hulkamania and Hulkster. Simultaneously, Marvel will convey by quitclaim to Titan an exclusive (worldwide) license (the "License") for all uses of the name Hulk Hogan (and any variances or derivatives thereof consented to by Marvel), Hulkamania and Hulkster (hereinafter all of the foregoing shall be collectively referred to as "Hulk Hogan") in any and all media, including but not limited to live wrestling exhibitions, TV and radio transmissions of live or prerecorded wrestling exhibitions, dramatic and non-dramatic television, television series, dramatic and non-dramatic motion pictures (both theatrical and television), merchandising, toys, animation (both for television and theatrical uses), books, videocassettes and discs, provided that such names may be used for the aforesaid uses only in connection or in association with the World Wrestling Federation, or Titan, or Terry Bollea or the character or caricature of Terry Bollea -- all of the foregoing subject to the limitations set forth in paragraph 2 below.

Mr. Joseph A. Calamari
March 25, 1985

2.   The term of this license shall commence on July
9, 1984 and shall continue until the earlier of:  (a) 20 years
from the date of this agreement, or (b) when Terry Bollea
ceases to be involved with wrestling.  Provided, however, Titan
may terminate the License at any time on 60 days prior written
notice to Marvel, and provided further however that any
particular products including but not limited to TV and radio
transmissions of prerecorded wrestling exhibitions recorded
during the term of this license, dramatic and non-dramatic
television, television series, dramatic and non-dramatic motion
pictures (both theatrical and television), merchandising, toys,
animation (both for television and theatrical uses), books,
videocassettes and discs, produced during or after the term
pursuant to licenses or other agreements entered into during
the term may be exploited in any media after the term pursuant
to such licenses or other agreements and any license agreement
or other agreement entered into by Titan during the term shall
continue in full force and effect after the term for the term
of such license or other agreement, subject to the payments to
be made to Marvel hereunder.  After the expiration of the term
of this license, Titan will have no right, without Marvel's
written consent, to modify or extend any license or other
agreement entered into by Titan during the term of this
license.  Marvel represents that it has registered for
trademark the Hulk and Incredible Hulk (shown on Exhibit A) and
agrees, at Titan's request and expense where permitted by law,
to further register Hulk and Incredible Hulk at the request of
Titan, anywhere and for any class to facilitate the license
hereunder.  Marvel, where permitted by law, will register at
Titan's request and expense the names Hulk Hogan, Hulkster and
Hulkamania in Marvel's name in any and all classes worldwide
and Titan will cooperate with such registrations.  Marvel shall
have the first opportunity, at its expense, to prevent any
infringement of the above three names; if Marvel chooses not to
so prevent such infringement, then Titan may do so at its
expense, keeping Marvel and its counsel fully informed,
consulting in good faith with Marvel at Marvel's request and
permitting Marvel to join in the litigation at any time at
Marvel's expense.  When the names Hulk Hogan, Hulkamania and
Hulkster may be affected, Marvel will at Titan's request and
expense take all reasonable steps necessary to keep in effect
and prevent the infringement of the trademarks Hulk and
Incredible Hulk.  The limitations on the aforesaid uses are as
follows:

(a)  Titan may not use the word "incredible" in
connection with Hulk Hogan and will not authorize others to do
so and will make it a condition of any agreement that others

FRANKFURT, GARBUS, KLEIN & SELZ

Mr. Joseph A. Calamari
March 25, 1985

not do so; Marvel recognizes that the use of the word
"incredible" might be used in wrestling arenas by announcers
(unaffiliated with Titan) on TV or radio in connection
therewith and such use will not be a breach.   Titan will
request of said unaffiliated announcer that they not so use the
word "incredible".

        (b)   When using "Hulk" it must always be used
with "Hogan".

        (c)   When used together "Hulk" may not be more
prominent than "Hogan".

        (d)   Titan represents that as of the signing of
this agreement there is no logo for Hulk Hogan.   Titan agrees:
that any logo created for Hulk Hogan must be different from the
Hulk logo; that Titan cannot use the colors green and purple in
connection with Hulk Hogan or his logo; that any logo created
for Hulk Hogan may not be such so as to be confused with or be
similar to in any way the logo of Hulk.

        (e)   Titan cannot register "Hulk" or "Hulk Hogan"
as a trademark.

        (f)   Titan will acknowledge that Marvel owns the
name and trademark for Hulk, the Incredible Hulk and Hulk Hogan
and that the rights and privileges of Titan pursuant to this
agreement are based on and pursuant to the license from Marvel.

        (g)   Titan will agree not to challenge Marvel's
rights to the trademarks Hulk, Incredible Hulk and Hulk Hogan
and will not interfere with Marvel's uses of the marks (e.g.,
no objections or trademark oppositions anywhere in the world);
in this connection, Marvel will not itself, nor authorize
others to, use the name Hulk Hogan or any other name permitted
under the license, nor will it itself use, or authorize others
by license or otherwise to use, the likeness, character or
caricaturization of Terry Bollea.   Marvel agrees, for a period
of one year from the date of this agreement, not to use, or
allow others to use, the name Hulk or the Incredible Hulk in
any connection or association with live action wrestling
exhibitions, but is not otherwise restricted from making any
use or allowing others to use the name Hulk or the Incredible
Hulk.

FRANKFURT, GARBUS, KLEIN & SELZ                                    PAGE    4

Mr. Joseph A. Calamari
March 25, 1985

        (h)  Included in the License is the right of
Titan, to make, create, and/or merchandise or authorize others
to make, create and/or merchandise a caricature or cartoon
image of Terry Bollea, provided that such caricature or image
is similar in appearance to the present character Terry Bollea
or the character, image, or caricature created for the present
animated television series with CBS.  Notwithstanding the
foregoing, if the role in any of the uses or projects permitted
and/or contemplated under this agreement requires a change in
the appearance, image, caricature or character of Terry Bollea,
such character, caricature, image or appearance may be changed
to accomodate the role; provided further, however, that such
changed character, caricature, image or appearance must be
substantially similar to the appearance of Terry Bollea or the
character, image or caricature created for the present animated
television series with CBS and cannot be such so that it may be
confused with the character, image or appearance of the Hulk.
The caricature, image, appearance and character of Terry Bollea
as used in the Dic television animation series and in the toys
and products and merchandising products of Dic and LJN and the
drawings used therein (hereinafter collectively referred to as
the "Renderings") have been approved by Marvel.  After the
Renderings have been approved by Marvel pursuant to this
paragraph, if Titan or any of its licensees elect to change or
alter any approved Rendering so that such Rendering will no
longer be substantially similar to the appearance of Terry
Bollea or the character, image or caricature created for the
present animated television sereis with CBS and will be such
that it may be confused with the character, image or appearance
of the Hulk, Titan or such licensee shall obtain Marvel's
written consent prior to implementing any such change or
alteration.

        (i)  Titan will not use or authorize a cartoon
image or caricature of Hulk Hogan in comic books; however said
cartoon image or caricature may be used in story books and
coloring books.

        3.  The compensation for the License is as follows:

        (a)  With respect to merchandising (including
toys), Marvel shall be paid a royalty of .90 of 1% of the
reportable gross (the gross dollars which the licensee bases
its royalty on as reported to Dic or to Titan where there is no
intervening agent) on projects involving the name Hulk Hogan or

FRANKFURT, GARBUS, KLEIN & SELZ                                      PAGE      5

Mr. Joseph A. Calamari
March 25, 1985

the likeness of Terry Bollea (subject to subparagraph (e) below), said reportable gross to be divided (prior to the determination of Marvel's royalty) by the number of wrestlers involved in each project.  For example if reportable gross from LJN is $100 on an item on which no other wrestlers appear, then Marvel shall be paid $.90.  If there are four wrestlers on the product (including Hulk Hogan or the likeness of Terry Bollea), then Marvel shall be paid .009 x $25.00 or $0.225.

        (b)  Except for the categories in subparagraphs 3(a), (c) and (d), Marvel shall be paid 10% of the monies Titan derives from the monies received by Terry Bollea in his role as Hulk Hogan, for a particular project.  Where Titan derives no money from the monies received by Terry Bollea for a particular project, then Marvel shall be paid 10% of the monies received by Terry Bollea.  For example, under the proposed animated television series with Dic, if for a particular episode Terry Bollea is paid $5,000.00 and, assuming Titan derives a 15% management fee from Terry Bollea, Titan would be paid 15% of $5,000.00, or $750.00, and Marvel would be paid 10% thereof, or $75.00.  However, if, in the foregoing example, Titan did not derive a management fee from Terry Bollea, then Marvel would be paid 10% of $5,000.00, or $500.00.

        (c)  If Titan sells a product directly to the public, Marvel shall receive .90 of 1% of the gross receipts of Titan (less shipping and direct selling costs) divided as aforesaid by the number of wrestlers involved.  Provided however Marvel will not be paid anything in connection with any magazine published by Titan or under the authority of Titan notwithstanding that the name Hulk Hogan or character appears therein.

        (d)  For each wrestling match that Hulk Hogan appears in subsequent to the execution of this agreement, Marvel will be paid $100.

        (e)  Notwithstanding anything contained herein to the contrary Marvel will not be paid for any event, thing or act where Terry Bollea appears or is involved with under his own name or any name other than Hulk Hogan or any other name permitted hereunder.

        (f)  Where Titan or any of its officers or directors is the producer of live wrestling expositions, TV and

Mr. Joseph A. Calamari
March 25, 1985

radio transmissions of live or prerecorded wrestling
expositions, dramatic and non-dramatic television, television
series, dramatic and non-dramatic motion pictures (theatrical
and television) animation (both for TV and theatrical uses)
videocassettes and discs, Marvel will not be paid any monies in
connection with the compensation paid to Titan or its officers
and directors for such producing function, notwithstanding that
the name Hulk Hogan or the character thereof appears in any
such project.

   4.   Terry Bollea will agree to be bound by the terms
and conditions of the agreement insofar as he is concerned.

   5.   If the foregoing is acceptable to you, please
sign and return the enclosed copy of this letter and upon my
receipt of same Titan will execute its agreement with Dic for
the merchandizing and animated television series and such other
agreements consistent with this license and will further
commence to exploit its rights under this agreement.

   6.   In consideration of the above, subject to and
contingent upon full compliance with all the terms and
conditions of this agreement, Marvel agrees not to make claims
against Terry Bollea and Titan, its officers, directors,
employees and agents, by reason of Terry Bollea's and Titan's
prior use of the names Hulk Hogan, Hulkamania and Hulkster.

   7.   The parties agree that a more formal agreement
will be drawn as expeditiously as possible, encompassing the
terms and conditions herein as well as containing a provision
permitting Marvel reasonable information relating to the
licensing of and use by Titan of the names Hulk Hogan, Hulkster
and Hulkamania as well as the right to audit Titan's records
relating to the license herein at reasonable times and upon
reasonable notice, the affixing of appropriate Trademark
notices, and providing that all products licensed by Titan will
be of high standards in quality, style and appearance and
further providing that the exploitation, licensing of and use
by Titan of the names Hulk Hogan, Hulkster and Hulkamania will
conform to all applicable laws and regulations and will not

FRANKFURT, GARBUS, KLEIN & SELZ                                          PAGE    7

Mr. Joseph A. Calamari
March 25, 1985


violate the rights of any third party.  Until such more formal
agreement is executed, this agreement shall control and be the
agreement between the parties.

                                        Sincerely,


                                        Arthur J. Klein


cc:  Linda McMahon


ACCEPTED AND AGREED TO:

Marvel Comics Group, a division
of Cadence Industries Corp.

By: _____        _____
    Authorized Officer               Terry Bollea

                                     Titan Sports, Inc.


                                     By: _____
                                         Authorized Officer