David Fleischer (DF 9230)
Jodi A. Kleinick (JK 3070)
Thomas J. Finn (TF 9736)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., a Delaware corporation, WCW, INC., a Delaware corporation, WWE LIBRARIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> - against - <br><br> MARVEL CHARACTERS, INC., a Delaware corporation, <br><br> Defendant. | 04  CV 05510 (VM) <br><br> **ANSWER** |

Defendant Marvel Characters, Inc. ("Marvel"), by its attorneys, Paul, Hastings,

Janofsky & Walker LLP, answering the complaint, alleges as follows:

1.      States that the allegations in paragraph 1 merely set forth plaintiffs' claims

for relief as to which no responsive pleading is required and otherwise deny those allegations.

2.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 2, except admits that HULK HOGAN has been one of the most

prominent wrestling characters over the past 20 years.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Denies the allegations in paragraph 5, except admits that Marvel claims that it owns the trademark HULK HOGAN.

6.      Denies the allegations in paragraph 6, except admits that Marvel has advised plaintiff World Wrestling Entertainment, Inc. ("WWE") it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the March 25, 1985, trademark licensing agreement between Marvel Comics Group, a division of Cadence Industries Corp. ("Cadence") and WWE f/k/a Titan Sports, Inc.

7.      States that the allegations in paragraph 7 merely set forth plaintiffs' claims for relief as to which no responsive pleading is required.

## PARTIES

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Admits the allegations in paragraph 13, except denies that Marvel is a wholly owned subsidiary of Marvel Enterprises, Inc. and avers that Marvel is a wholly owned subsidiary of Marvel Entertainment Group, Inc., a wholly owned subsidiary of Marvel Enterprises, Inc.

## JURISDICTION AND VENUE

14.     States that the allegations in paragraph 15 constitute conclusions of law as to which no responsive pleading is required.

15.     States that the allegations in paragraph 15 constitute conclusions of law as to which no responsive pleading is required.

16.     States that the allegations in paragraph 16 constitute conclusions of law as to which no responsive pleading is required.

## THE FACTS

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Admits the allegations in paragraph 19.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Denies the allegations in paragraph 21, except admits that Marvel and WWE entered into the agreement referred to in that paragraph (the "WWE License") and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

22.     Denies the allegations in paragraph 22, except admits that under the WWE License, Marvel granted to WWE a license to use the trademarks HULK HOGAN, HULKAMANIA and HULKSTER, subject to the terms of the WWE License, and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

23.     Denies the allegations in paragraph 23, and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

24.     Admits the allegations in the first sentence of paragraph 24.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 24.  States that the allegations of the third sentence of paragraph 34 constitute conclusions of law as to which no responsive pleading is required and avers that in a letter dated February 18, 2004 from Edward L. Kaufman, Executive Vice President and General Counsel of WWE to Eli Bard, Senior Litigation Attorney of Marvel Enterprises, Inc. WWE stated that WWE does not assume that the WWE License determines the rights of the parties after July 9, 2004.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

NY55/394867.3

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Denies the allegations in paragraph 28, except admits that on or around June 7, 1994, WCW, Bollea and Marvel Entertainment Group, Inc. entered into an agreement (the "WCW License") pursuant to which Marvel Entertainment Group, Inc. granted WCW the right to use the HULK HOGAN, HULKAMANIA and HULKSTER trademarks, subject to the terms of the WCW License, and respectfully refers the Court to the WCW License for a true and complete statement of its contents.

29.     Admits the allegations in the first sentence of paragraph 29.  Denies the allegations of the second sentence of paragraph 29, except admits that on or around February 27, 1995, Marvel Entertainment Group, Inc. and WCW entered into an agreement pursuant to which the WCW License was renewed for a two-year term beginning on June 1, 1995 and ending on May 31, 1997 pursuant to the terms of that renewal agreement; and that on or around May 27, 1997, Marvel and WCW entered into an agreement pursuant to which the WCW License was renewed for another two-year term beginning on June 1, 1997 and ending on May 31, 1999; and that in or around June 1999, Marvel and WCW entered into an agreement pursuant to which the WCW License was renewed for an additional three-year term beginning on June 1, 1999 and ending on May 30, 2002.

30.     Denies the allegations in paragraph 30, and respectfully refers the Court to the agreements referred to in that paragraph for true and complete statements of their contents.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Upon information and belief, denies the allegations in paragraph 36.

37.     Denies the allegations in paragraph 37, and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Denies the allegations in paragraph 40, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License, and respectfully refers the Court to the correspondence referred to in that paragraph for a true and complete statement of its contents.

41.     Denies the allegations in paragraph 41, and respectfully refers the Court to the letter referred to in that paragraph for a true and complete statement of its contents.

42.     Denies the allegations in paragraph 42.

43.     Denies the allegations in paragraph 43 and respectfully refers the Court to the correspondence referred to in that paragraph for a true and complete statement of its contents.

44.     Denies the allegations in paragraph 44, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

45.     Denies the allegations in paragraph 45, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

46.     Denies the allegations in paragraph 46 and respectfully refers the Court to the agreements referred to in that paragraph for a true and complete statement of its contents.

47.     Denies the allegations in paragraph 47.

48.     Denies the allegations in paragraph 48.

49.     State that the allegations in paragraph 49 constitute conclusions of law as to which no responsive pleading is required and otherwise deny those allegations.

50.     States that the allegations in paragraph 50 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

51.     Denies the allegations in paragraph 51, and states that the licensor under the WWE License was Marvel Comics Group, a division of Cadence Industries Corp., and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

52.     Admits the allegations in paragraph 52.

53.     Denies the allegations in paragraph 53.

NY55/394867.3

54.     Denies the allegations in paragraph 54.

55.     Denies the allegations in paragraph 55, except admits that WWE has requested that Marvel provide it with documentation demonstrating its ownership of the HULK HOGAN trademark.

56.     Denies the allegations in paragraph 56.

57.     States that the allegations in paragraph 57 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## COUNT I

58.     Repeats and realleges its answer to the allegations incorporated by reference in paragraph 58.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, except denies that WWE owns any rights in or to the HULK HOGAN trademark.

60.     Denies the allegations in paragraph 60.

61.     Denies the allegations in paragraph 61.

62.     Denies the allegations in paragraph 62, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

63.     States that the allegations  in paragraph 63 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

64.     States that the allegations  in paragraph 64 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

NY55/394867.3

## COUNT II

65.     Repeats and realleges its answer to the allegations incorporated by reference in paragraph 65.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.     Denies the allegations in paragraph 67.

68.     Denies the allegations in paragraph 68, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.  Admits the allegations  in paragraph 68.

69.     States that the allegations  in paragraph 69 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

70.     States that the allegations  in paragraph 70 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## COUNT III

71.     Repeats and realleges its answer to the allegations incorporated by reference in paragraph 71.

72.     Admits the allegations in paragraph 72.

73.     Denies the allegations in paragraph 73.

74.     States that the allegations in paragraph 74 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

75.     States that the allegations in paragraph 75 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

### FIRST AFFIRMATIVE DEFENSE

76.     The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

77.     WWE licensed the HULK HOGAN, HULKAMANIA and HULKSTER trademarks from Marvel's predecessors in interest and, as a result WWE and its affiliates are estopped from challenging Marvel's ownership of those trademarks.

### THIRD AFFIRMATIVE DEFENSE

78.     The WWE License expressly prohibits WWE from challenging Marvel's ownership of the HULK HOGAN, HULKAMANIA and HULKSTER trademarks.

### FOURTH AFFIRMATIVE DEFENSE

79.     Counts I and II in the complaint are not ripe for review.

### FIFTH AFFIRMATIVE DEFENSE

80.     Plaintiffs lack standing to assert any of the claims in the complaint.

### FIRST COUNTERCLAIM – AGAINST WWE
### (Breach of Contract)

81.     Marvel is one of the world's most prominent character based entertainment companies, with a proprietary library of over 4,700 characters including Spider-Man, X-Men, Captain America, Fantastic Four and the Incredible Hulk.  The characters and their related trademarks are valuable intellectual property and Marvel expends considerable effort to develop and protect these characters.

82.     On or about March 25, 1985, Marvel Comics Group, a division of Cadence Industries Corp. ("Cadence") and World Wrestling Entertainment, Inc. f/k/a Titan Sports, Inc. ("WWE") entered into a trademark licensing agreement pursuant to which Cadence

granted WWE a license (the "WWE License") to use the HULK HOGAN, HULKAMANIA and HULKSTER trademarks in accordance with the terms set forth in the WWE License for a term of the earlier of 20 years from the date of the license or when Terry Bollea ceases to be involved with wrestling.

83.     On or about December 29, 1986, Cadence and Marvel Entertainment Group, Inc. ("Entertainment") engaged in a transaction pursuant to which Entertainment acquired all of the assets of Cadence and Cadence assigned all of the rights, title and interest to the HULK HOGAN, HULKAMANIA and HULKSTER trademarks to Entertainment.

84.     On or around September 1, 1995, Entertainment and Marvel entered into an agreement pursuant to which, *inter alia*, Entertainment  assigned all of its right, title and interest to the HULK HOGAN, HULKAMANIA and HULKSTER trademarks to Marvel.

85.     Pursuant to paragraph 3 of the WWE License, WWE was obligated to pay royalties to Marvel in the amounts specified therein in connection with WWE's use of the HULK HOGAN, HULKAMANIA and HULKSTER trademarks.

86.     Upon information and belief, WWE breached the WWE License by failing to accurately report and pay all of the royalties which are owed and due to Marvel pursuant to the WWE License.

87.     Marvel has performed all of its obligations under the WWE License.

88.     By virtue of the foregoing, Marvel has been damaged.

NY55/394867.3

WHEREFORE, Marvel respectfully demands judgment (a) dismissing the complaint; (b) awarding damages with respect to its counterclaim against WWE in an amount to be determined at trial; and (c) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 10, 2004

PAUL, HASTINGS, JANOFSKY &
WALKER LLP

By:_____
    David Fleischer (DF 9230)
    Jodi A. Kleinick (JK 3070)
    Thomas J. Finn (TF 9736)
Attorneys for Defendants
75 East 55th Street
New York, NY 10022
(212) 318-6000

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF NEW YORK       )

Dennis Cairns, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and reside in Queens, New York. On the 10th day of September, 2004, Deponent personally served a true copy of the within Answer on:

> Kirkpatrick & Lockhart LLP
> 599 lexington Avenue
> New York, New York 10022-6030

by delivering and leaving same at said attorneys' offices.

Dennis Cairns

Sworn to before me this
10th day of September, 2004

Notary Public

TYRONE MCBRIDE
NOTARY PUBLIC, State of New York
No. 01MC5039751
Qualified in New York County
Commission Expires Feb. 27, 2007