Eugene Licker (EL 0334)
KIRKPATRICK & LOCKHART LLP
599 Lexington Avenue
New York, New York 10022-6030
Phone: (212) 536-3900
Fax: (212) 536-3901

Jerry S. McDevitt
Curtis B. Krasik
Sabrina J. Hudson
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Phone: (412) 355-6500
Fax: (412) 355-6501

Attorneys for Plaintiffs World Wrestling Entertainment, Inc.,
WCW, Inc. and WWE Libraries, Inc.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------X
WORLD WRESTLING                       :
ENTERTAINMENT, INC., a Delaware       :
corporation, WCW, INC., a Delaware    :
corporation, WWE LIBRARIES, INC., a   :
Delaware corporation,                 :
                                      :
              Plaintiffs,             :
                                      :
      -against-                       :
                                      :
MARVEL CHARACTERS,                    :
INC., a Delaware corporation,         :
                                      :
              Defendant.              :
--------------------------------------------------X
```

RECEIVED
DEC 1 7 2004
U.S.D.C. S.D. N.Y.
CASHIERS

Case No. 04 CV 05510 (VM)

**AMENDED COMPLAINT**

World Wrestling Entertainment, Inc., f/k/a Titan Sports, Inc. and World Wrestling

Federation Entertainment, Inc., WCW, Inc. and WWE Libraries, Inc. (collectively, "WWE") file

this Amended Complaint against Defendant Marvel Characters, Inc. ("Marvel Characters").

## NATURE OF THE ACTION

1.     By this action, WWE seeks a declaration that it may continue to use the character name HULK HOGAN—as it has done for the last 20 years—to fairly and accurately reference, identify and/or describe performances and images of HULK HOGAN depicted in WWE's copyrighted videos, television programs and other copyrighted works.

2.     HULK HOGAN has been one of the most popular and prominent wrestling characters over the past 20 years.  Throughout that time, HULK HOGAN has been exclusively portrayed by Terry Bollea.

3.     Bollea portrayed HULK HOGAN in connection with WWE professional wrestling exhibitions from the early-1980's through April 2003.  During that time, HULK HOGAN—like all WWE characters—was depicted in, *inter alia,* numerous copyrighted videos, pay-per-view programs, television programs, photographs, magazine articles and more.  WWE is the exclusive owner of copyrights in all such works.  WWE also is the exclusive owner of the copyright in the HULK HOGAN character.

4.     For over 20 years, WWE has fully exploited its rights as the owner of the character of, and copyrighted works depicting, HULK HOGAN.  As an inherent and necessary part of that exploitation, WWE has used the HULK HOGAN name to reference, identify and/or describe performances and images of the HULK HOGAN character depicted in WWE's copyrighted works.

5.     Defendant Marvel Characters claims that it owns the trademark HULK HOGAN.  Despite WWE's repeated inquiries, however, documents provided by Marvel Characters to WWE fail to establish Marvel Character's purported ownership of the HULK HOGAN mark.

6.      Nevertheless, Marvel Characters, through its parent corporation, Marvel Enterprises, Inc., has threatened WWE in correspondence and discussions that WWE must alter all of its copyrighted works depicting performances and images of WWE's copyrighted HULK HOGAN character to eliminate all references to the words HULK HOGAN if WWE intends to continue to exploit its ownership in its copyrighted works or in its copyrighted HULK HOGAN character. Marvel Characters claims that WWE will be violating Marvel Characters' purported trademark rights if WWE displays performances or images of the HULK HOGAN character or uses the words HULK HOGAN in any way in connection with WWE's copyrighted works.

7.      WWE, therefore, has brought this action seeking a declaration (i) that WWE may continue to exploit its copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of its copyrighted HULK HOGAN character depicted therein; (ii) that WWE has the right to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of its copyrighted HULK HOGAN depicted therein; (iii) that WWE has the right to use the HULK HOGAN name in connection with its exploitation of its copyrighted HULK HOGAN characters; and (iv) as to whether Marvel is the owner of rights in the HULK HOGAN mark in the first instance.

## PARTIES

8.      Plaintiff World Wrestling Entertainment, Inc. is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. World Wrestling Entertainment, Inc. is an integrated media and entertainment company principally engaged in the development, promotion, and marketing of television programming, pay-per-view programming, and live arena events, and the licensing and sale of branded consumer products.

3

9.     World Wrestling Entertainment, Inc. and has been involved in the business of promoting and producing sports entertainment programming for over 20 years and has developed the WWE into one of the most popular forms of entertainment today.  Its unique product is perhaps best described as an action-packed, episodic drama that is akin to an ongoing, ever-developing soap opera based around WWE's unique and attractive wrestling characters. Each wrestling character appears under a trademarked name and is distinctively delineated with a unique persona, history, relationships, music and visual appearance and behavior.

10.     World Wrestling Entertainment, Inc. promotes hundreds of live shows each year in arenas and stadiums in cities around the world.  World Wrestling Entertainment, Inc. also currently produces five nationally-distributed television programs each week on broadcast and cable television, and two weekly syndicated television programs.  World Wrestling Entertainment, Inc. produces monthly pay-per-view programs available through cable and satellite pay-per-view distributors.  In addition, World Wrestling Entertainment, Inc. engages in an extensive licensing program pursuant to which WWE's copyrighted characters, trademarks, service marks and other intellectual property rights are depicted on myriad consumer products, including, *inter alia,* home videos, video games, action figures and clothing.

11.     Plaintiff WCW, Inc. is a wholly-owned subsidiary corporation of World Wrestling Entertainment, Inc., which is the copyright owner of video works acquired from and formally owned by World Championship Wrestling, Inc.

12.     Plaintiff WWE Libraries, Inc. is a wholly-owned subsidiary corporation of World Wrestling Entertainment, Inc., which is the copyright owner of video works acquired from and formally owned by various third parties, including, *inter alia*, video works relating to the American Wrestling Association.

13.     Defendant Marvel Characters, Inc. is a Delaware corporation having its principal place of business at 10474 Santa Monica Boulevard, Suite 206, Los Angeles, California

90025.  Marvel Characters, Inc. is a subsidiary of Marvel Enterprises, Inc., which is a Delaware corporation having its principal place of business at 10 East 40th Street, New York, New York 10016.

### JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (action arising under the Copyright Act, the Lanham Act and the First Amendment), 15 U.S.C. § 1121 (action arising under the Lanham Act) and 28 U.S.C. Section 1338(a) (action arising under an Act of Congress relating to copyrights and trademarks).

15.     This Court has personal jurisdiction over Defendant Marvel Characters in that, *inter alia*, (i) Marvel Characters regularly transacts business in the State of New York; (ii) Marvel Characters' direct parent corporation, Marvel Entertainment Group, Inc., and its indirect parent corporation, Marvel Enterprises, Inc., maintain their principal place of businesses in the State of New York, through which Marvel Characters transacts certain business operations; and (iii) Marvel Characters previously consented to jurisdiction in the State of New York, including by, *inter alia*, voluntarily filing litigation in the United States District Court for the Southern District of New York relating to its purported rights in the HULK HOGAN mark.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that (i) Defendant Marvel Characters regularly transacts business in this District; (ii) WWE maintains its principal advertising sales office in this District; (iii) Marvel Characters previously filed litigation in this District relating to its purported rights in the HULK HOGAN mark; and (iv) a substantial part of the events giving rise to the claims herein occurred in this District.

## THE FACTS

### Titan Sports, Inc. and Marvel Comics Enter Into The 1985 Contract

17.     In or around the early 1980's, Terry Bollea began to portray the HULK HOGAN character in connection with professional wrestling exhibitions. As noted above, Bollea has exclusively portrayed the HULK HOGAN character for over 20 years.

18.     On or around November 12, 1983, Bollea and World Wrestling Entertainment, Inc. (then known as Titan Sports, Inc. d/b/a the World Wrestling Federation ("WWF")) entered into a contract for Bollea to perform as HULK HOGAN exclusively for WWF in connection with wrestling-related events and products. In that connection, HULK HOGAN was portrayed in, among others things, (i) WWF live shows; (ii) WWF broadcast and cable television programs; (iii) WWF pay-per-view programs; (iv) WWF magazines; and (v) WWF branded merchandise, including *inter alia*, home videos, photographs, trading cards, posters, and calendars.

19.     In or around 1985, Marvel Comics Group, a division of Cadence Industries.Corp. ("Marvel Comics"), claimed that the HULK HOGAN name violated Marvel Comics' purported rights in the INCREDIBLE HULK trademark.

20.     At that time, WWF was in the midst of the ambitious expansion of its business from an exclusively regional promoter of professional wrestling exhibitions to the national sports entertainment media company it has become today. WWF thus was not in a position to engage in costly and diversionary trademark litigation with such an established company like Marvel Comics.

21.     Accordingly, to resolve and settle Marvel Comics' purported claims without litigation, in or around 1985, WWF entered into a contract (the "1985 Contract") with Marvel Comics pursuant to which WWF was authorized to use the marks HULK HOGAN,

HULKAMANIA and HULKSTER in exchange for the payment of certain royalties.  A copy of the 1985 Contract is attached at Exhibit A.

22.     Under the 1985 Contract, Marvel granted to WWF an exclusive, worldwide license to use the marks HULK HOGAN, HULKAMANIA and HULKSTER:

> in any and all media, including but not limited to live wrestling exhibitions, TV and radio transmissions of live or prerecorded wrestling exhibitions, dramatic and non-dramatic television, television series, dramatic and non-dramatic motion pictures (both theatrical and television), merchandising, toys, animation (both for television and theatrical uses), books, videocassettes and discs . . . in connection or in association with the World Wrestling Federation, or Titan, or Terry Bollea or the character or caricature of Terry Bollea.

See 1985 Contract, ¶ 1.

23.     The 1985 Contract thus specifically and expressly provided for and contemplated that WWF would use HULK HOGAN in connection with, *inter alia*, WWF copyrighted works, including, *inter alia,* (i) television transmissions of prerecorded wrestling exhibitions; (ii) dramatic and non-dramatic television; (iii) dramatic and non-dramatic motion pictures; (iv) books; (v) videocassettes; and (v) discs.  See 1985 Contract, ¶¶ 1 & 3(f).

24.     The term of the license began on July 9, 1984, and continues until the earlier of 20 years from the date of "this agreement" or when Bollea ceases to be involved with wrestling.  See 1985 Contract, ¶ 2.

25.     The date of "this agreement" as used in Paragraph 2 of the 1985 Contract is March 25, 1985.

26.     Bollea remains involved in wrestling and, therefore, the license expires 20 years from the date of "this agreement."

27.     The 1985 Contract expires on March 25, 2005.

**Bollea's Performance As HULK HOGAN**

28.    Bollea performed for WWF exclusively as HULK HOGAN from in or around 1983 through in or around 1992.

29.    From in or around 1992 through June 1994, Bollea took a hiatus from wrestling full-time and focused on non-wrestling activities, including an acting career in movies and television shows.

30.    In or around June 1994, Bollea entered into an agreement with WWF's principal competitor at the time, World Championship Wrestling, Inc. ("WCW"), to appear as HULK HOGAN exclusively for WCW.  On behalf of WCW, HULK HOGAN was portrayed in, among other things, (i) WCW live events; (ii) WCW cable television programming; (iii) WCW pay-per-view programs; and (iv) WCW branded merchandise, including without limitation, videos and DVDs.

31.    Also in or around June 1994, WCW and Bollea entered into an agreement with Marvel Entertainment Group, Inc. (the "WCW License") pursuant to which WCW was authorized to use the marks HULK HOGAN, HULKAMANIA and HULKSTER, and variances and derivatives thereof, in exchange for the payment of certain royalties.

32.    The term of the WCW License initially was for one (1) year.  Those parties subsequently entered into three renewal agreements in January 1995, May 1997 and June 1999, collectively extending the term of the WCW License through May 30, 2002.

33.    Similar to the 1985 Contract, the WCW License specifically granted WCW the right to use the HULK HOGAN mark "in any and all media, now known or hereafter devised, including but not limited to live or prerecorded promotional and wrestling exhibitions, television, radio and telephone transmissions, publications, videocassettes, merchandising and licensing." Like the 1985 Contract, therefore, the WCW License specifically and expressly

provided for and contemplated that WCW would use HULK HOGAN in connection with WCW copyrighted works, including, *inter alia,* (i) prerecorded promotional and wrestling exhibitions; (ii) television transmissions; and (iii) videocassettes.

34.     Bollea continued to wrestle exclusively for WCW until WCW ceased operations in April 2001.

35.     In April 2001, WCW, Inc., a subsidiary corporation of World Wrestling Entertainment, Inc. (then known as World Wrestling Federation Entertainment, Inc.) acquired, among other things, all of WCW's intellectual property rights, including copyright ownership of the foregoing works depicting performances of HULK HOGAN.

36.     Following WCW's demise, Bollea entered into a new one-year contract with World Wrestling Federation Entertainment, Inc. dated January 15, 2002 to appear as HULK HOGAN.  At the expiration of that one-year contract, Bollea entered into a second one-year contract with World Wrestling Entertainment, Inc. (the company changed its name from World Wrestling Federation Entertainment, Inc. to World Wrestling Entertainment, Inc. in May 2002) dated March 10, 2003.

37.     As during his earlier tenure with WWF, HULK HOGAN was portrayed in, among other things, (i) WWE live events; (ii) WWE broadcast and cable television programs; (iii) WWE pay-per-view programs; (iv) WWE magazines; and (v) WWE branded merchandise, including without limitation home videos, photographs, posters and a book.

38.     Bollea continued to wrestle exclusively for World Wrestling Entertainment, Inc. until on or around June 26, 2003, when Bollea terminated his contract and ceased performing.

39.     For the last 20 years, World Wrestling Entertainment, Inc. has abided by the 1985 Contract and paid royalties in accordance with the terms of the 1985 Contract.

40.     Upon expiration of the 1985 Contract, the license will be a "paid-up" license, pursuant to which Marvel will have no further right to royalties on previously-created WWE copyrighted works.

**WWE's Intent To Exploit Its Extensive Video Library**

41.     Through its own historical footage and the acquisition by WCW, Inc. and WWE Libraries, Inc. of archival footage from various other wrestling promotions, WWE has obtained rights to one of the most extensive video libraries of wrestling footage in the world.  As the exclusive copyright owner of all rights in such copyrighted works, WWE intends as a principal business objective to monetize and exploit those significant assets through, among other things, (i) WWE's recently announced video-on-demand service; (ii) the release of new videos and DVDs; (iii) the use of archival footage on WWE's weekly television programming; and (iv) the use of archival footage to produce new television programming.

42.     As one of the most popular and pervasive wrestling characters over the last 20 years, the exploitation of WWE's copyrighted HULK HOGAN character and WWE's works portraying HULK HOGAN figure prominently in WWE's efforts to make use of its video library.

**Marvel Claims WWE Cannot Use The HULK HOGAN name In Any Way Upon Expiration Of The 1985 Contract**

43.     In a series of correspondence over the last year, Marvel Characters, through its parent corporation, Marvel Enterprises, Inc., has threatened WWE regarding its right to continue to use the HULK HOGAN name in connection with the copyrighted HULK HOGAN character and copyrighted works created over the last 20 years.

44.     In fact, the first threatening letter from Marvel Enterprises, Inc.'s Senior Litigation Attorney, Eli Bard in April 2003 absurdly claimed that WWE was then using the

HULK HOGAN mark "without Marvel's permission and in violation of Marvel's valuable intellectual property rights" and demanded that WWE immediately cease and desist use of the HULK HOGAN mark.  On its face, Mr. Bard's letter made no sense as it completely ignored the 1985 Contract, which by its terms permitted the use in question.

45.     The real purpose of Marvel Character's threatening letter was revealed by Mr. Bard's bad faith offer to discuss the terms of a purported license with WWE, which was wholly unnecessary in light of the continuing effect of the 1985 Contract.  Marvel Characters, however, deliberately ignored the 1985 Contract to attempt to coerce WWE to enter into a new license agreement on terms more favorable to Marvel Characters.

46.     Indeed, after WWE's rejection of its posturing, Marvel Characters ultimately conceded in subsequent correspondence the validity of the 1985 Contract authorizing WWE to use the HULK HOGAN mark.

47.     Once conceding the validity of the 1985 Contract, however, Marvel Characters began to dispute WWE's right to use the HULK HOGAN name in any way, including as necessary to exploit its copyrighted works depicting performances and images of HULK HOGAN and its copyrighted HULK HOGAN character, upon expiration of the 1985 Contract. Specifically, Marvel Characters has asserted that upon expiration of the 1985 Contract WWE must cease all use of the HULK HOGAN name, including within the content of WWE's copyrighted works, in the advertisement or packaging of WWE's copyrighted works and in connection with WWE's copyrighted HULK HOGAN character.

48.     Marvel Characters has taken the position that WWE must cease all use of the HULK HOGAN name upon expiration of the 1985 Contract, including within the content of WWE's copyrighted works, in the advertisement and packaging of WWE's copyrighted works and in connection with WWE's copyrighted HULK HOGAN character, despite Marvel Comics (i) expressly acknowledging and agreeing pursuant to the 1985 Contract that WWE would create

copyrighted works depicting performances and images of HULK HOGAN, and (ii) for 20 years knowingly accepting and cashing royalties specifically with respect to WWE copyrighted works depicting performances and images of HULK HOGAN.

49.    In addition, pursuant to the WCW License, Marvel Entertainment Group, Inc. separately acknowledged and agreed that WCW would create copyrighted works depicting performances and images of HULK HOGAN, which copyrights are now owned by WCW, Inc.

50.    In essence, Marvel Characters has taken the position that the HULK HOGAN character dies upon expiration of the 1985 Contract, and that WWE will be violating Marvel Character's purported trademark rights if WWE displays performances and images of the HULK HOGAN character or uses the words HULK HOGAN in any way.

51.    Marvel's position is that WWE must use Terry Bollea's name on all product packaging and advertising, and that WWE must alter all of its copyrighted works to eliminate all references to the HULK HOGAN character if WWE intends to exploit its ownership in its works or in the HULK HOGAN character after the 1985 Contract expires.

52.    Marvel's position effectively is that the fair use defense does not apply to the HULK HOGAN trademark given its unequivocal demand that all uses of HULK HOGAN cease upon expiration of the 1985 Contract.

53.    There is no limitation on WWE's rights as the copyright owner of its HULK HOGAN character and works depicting performances and images of HULK HOGAN set forth in the 1985 Contract, the WCW License or otherwise.

54.    WWE contends that under United States copyright law, trademark law and/or the First Amendment it has the unfettered right to, *inter alia,* (i) fully exploit its copyrighted HULK HOGAN character; (ii) fully exploit its copyrighted works depicting performances and images of HULK HOGAN; (iii) fairly and accurately reference, describe

12

and/or identify its copyrighted HULK HOGAN character and performances and images of HULK HOGAN depicted in its copyrighted works; and (iv) accurately describe and discuss in the future HULK HOGAN's place in the history of WWE.

55.　Accordingly, an actual dispute and controversy exists between the parties with respect to WWE's rights upon the expiration of the 1985 Contract.

**WWE Disputes That Marvel Is The Owner Of The HULK HOGAN Mark**

56.　The licensor under the 1985 Contract was Marvel Comics.

57.　The licensor under the WCW License was Marvel Entertainment Group, Inc.

58.　The entity that was Marvel Comics in 1985, however, has been part of numerous transactions, legal transformations and at least one highly-complex bankruptcy reorganization over the past 20 years.

59.　Similarly, the entity that was Marvel Entertainment Group, Inc. has been part of numerous transaction, legal transformations and at least one highly-complex bankruptcy reorganization.

60.　Consequently, during the parties' series of correspondence over the last year, WWE has repeatedly requested documentation from Marvel Characters proving that it, in fact, owns the HULK HOGAN mark as a condition precedent to its attempts to enforce those rights against WWE.

61.　Despite WWE's repeated inquiries, Marvel Characters has failed to provide documentation proving its purported ownership of the HULK HOGAN mark. Specifically, documents produced by Marvel Characters to WWE fail to establish that Marvel

Characters is the successor-in-interest to the 1985 Contract or the WCW License and/or the owner of purported rights in the HULK HOGAN mark.

62.     Accordingly, an actual dispute and controversy exists between the parties with respect to whether Marvel Characters owns the HULK HOGAN mark, which rights it purports to be enforcing against WWE.

## COUNT I – DECLARATORY JUDGMENT

63.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

64.     HULK HOGAN has been uniquely known and identified as a wrestling character since in or around the early-1980's.  Over the past 20 years, HULK HOGAN has been particularly known and identified as a wrestling character associated with WWE.

65.     HULK HOGAN was uniquely known and identified as a wrestling character associated with WWE for years before the execution of the 1985 Contract.

66.     Over the past 20 years, WWE has extensively developed and promoted the HULK HOGAN character in WWE-branded goods and services, including, *inter alia,* live events around the world, television programming, home video products and myriad consumer products.

67.     As a direct result of those extensive efforts, HULK HOGAN has become one of the most popular, prominent and well-recognized characters in wrestling history.

68.     As a further direct result of those extensive efforts, HULK HOGAN has become indelibly and inextricably associated with WWE.

69.     In contrast, Marvel over the past 20 years has not made any efforts or invested any resources to use or exploit the HULK HOGAN mark, and has had no involvement

with WWE's development and promotion of the HULK HOGAN character.  Indeed, over that time Marvel has spent <u>zero</u> dollars promoting or developing the HULK HOGAN mark

70.    Marvel has never promoted, marketed or sold any goods or services associated with HULK HOGAN.

71.    Marvel has never promoted, marketed or sold any goods or services utilizing the HULK HOGAN mark.

72.    As part of its extensive development and promotion of the HULK HOGAN character, WWE has depicted HULK HOGAN in numerous copyrighted works, including, *inter alia,* copyrighted home video products, pay-per-view programs, television programs, photographs and magazine articles.

73.    WWE is the exclusive owner of copyrights in all of the foregoing works depicting performances and images of HULK HOGAN.

74.    As such, WWE has the right to fully exploit its copyrights in works depicting performances and images of HULK HOGAN.

75.    Any use or exploitation by WWE of its copyrights in works depicting performances and images of HULK HOGAN after the expiration of the 1985 Contract would be in connection with WWE-branded goods or services.

76.    Any exploitation by WWE of its copyrights in works depicting performances and images of HULK HOGAN after the expiration of the 1985 Contract in connection with WWE-branded goods or services is not likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection or association of WWE with Marvel Characters, or as to the origin, sponsorship, or approval of WWE's goods, services or commercial activities by Marvel.

77.     Based on HULK HOGAN's indelible and inextricable association with WWE over the past 20 years, no consumer would be confused as to the source of WWE-branded goods or services depicting HULK HOGAN.

78.     To the contrary, consumers would be confused if WWE did not use the name HULK HOGAN in connection with its copyrighted HULK HOGAN character or if the name HULK HOGAN were used in connection with something other than WWE's copyrighted HULK HOGAN character.

79.     Marvel has disputed WWE's right to use the HULK HOGAN name in any way in connection with WWE's copyrighted works and copyrighted HULK HOGAN character upon expiration of the 1985 Contract.

80.     Under the Lanham Act and applicable caselaw, Marvel could not prevent WWE from using the HULK HOGAN name if such use were not likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection or association of WWE with Marvel Characters, or as to the origin sponsorship, or approval of WWE's goods, services or commercial activities by Marvel.

81.     Thus, an actual dispute and controversy exists with respect to whether WWE's exploitation of its copyrights in works depicting performances and images of HULK HOGAN after the expiration of the 1985 Contract in connection with WWE-branded goods or services is likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection or association of WWE with Marvel Characters, or as to the origin sponsorship, or approval of WWE's goods, services or commercial activities by Marvel.

82.     A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 *et seq.* as to whether WWE's exploitation of its copyrights in works depicting performances and images of HULK HOGAN after the expiration of the 1985 Contract in connection with WWE-

branded goods or services is likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection or association of WWE with Marvel Characters, or as to the origin sponsorship, or approval of WWE's goods, services or commercial activities by Marvel.

## COUNT II—DECLARATORY JUDGMENT

83.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

84.    WWE is the exclusive owner of copyrights in numerous works depicting performances and images of HULK HOGAN.

85.    As such, WWE has the right to fully exploit its copyrights in works depicting performances and images of HULK HOGAN.

86.    In exploiting its copyrights in works depicting performances and images of HULK HOGAN, WWE has the right to use the HULK HOGAN name within the content of WWE's copyrighted works to reference and identify HULK HOGAN.

87.    Marvel has disputed WWE's right to use the HULK HOGAN name in any way in connection with WWE's copyrighted works upon expiration of the 1985 Contract.

88.    Thus, an actual dispute and controversy exists with respect to whether, upon expiration of the 1985 Contract, WWE has the right to fully exploit its copyrights in works depicting performances and images of HULK HOGAN, including, specifically, whether WWE may continue to exploit its copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of HULK HOGAN depicted therein.

89.    A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 *et seq.* as to whether WWE has the right to fully exploit its copyrights in works depicting

performances of HULK HOGAN, including, specifically, that WWE may continue to exploit its copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of HULK HOGAN depicted therein.

## COUNT III – DECLARATORY JUDGMENT

90.   Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

91.   WWE is the exclusive owner of copyrights in numerous works depicting performances and images of HULK HOGAN.

92.   As such, WWE has the right to fully exploit its copyrights in works depicting performances and images of HULK HOGAN.

93.   In exploiting its copyrights in works depicting performances and images of HULK HOGAN, WWE has the right to use the HULK HOGAN name to fairly and accurately describe the contents of such works.

94.   Marvel has disputed WWE's right to use the HULK HOGAN name in any way in connection with WWE's copyrighted works upon expiration of the 1985 Contract.

95.   Thus, an actual dispute and controversy exists with respect to whether, upon expiration of the 1985 Contract, WWE has the right to fully exploit its copyrights in works depicting performances and images of HULK HOGAN, including, specifically, whether WWE may continue to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of HULK HOGAN depicted therein.

96.   A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 *et seq.* as to whether WWE has the right to fully exploit its copyrights in works depicting

performances and images of HULK HOGAN, including, specifically, that WWE may continue to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of HULK HOGAN depicted therein.

<u>**COUNT IV – DECLARATORY JUDGMENT**</u>

97.   Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

98.   WWE is the exclusive owner of copyrights in numerous works depicting performances and images of HULK HOGAN.

99.   WWE is the exclusive owner of the copyright in the HULK HOGAN character as distinctively delineated in such works.

100.   As such, WWE has the right to fully exploit its copyrighted HULK HOGAN character.

101.   In exploiting its copyrighted HULK HOGAN character, WWE has the right to use the HULK HOGAN name within the content of WWE's copyrighted works to reference and identify its copyrighted HULK HOGAN character.

102.   In exploiting its copyrighted HULK HOGAN character, WWE has the right to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of its copyrighted HULK HOGAN character depicted therein.

103.   Marvel has disputed WWE's right to use the HULK HOGAN name in any way in connection with WWE's copyrighted HULK HOGAN character upon expiration of the 1985 Contract.

104.     Thus, an actual dispute and controversy exists with respect to whether, upon expiration of the 1985 Contract, WWE has the right to fully exploit its copyrighted HULK HOGAN character, including, specifically, whether WWE may continue to exploit its copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of WWE's copyrighted HULK HOGAN character depicted therein, and whether WWE may continue to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of WWE's copyrighted HULK HOGAN character depicted therein.

105.     A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 *et seq.* as to whether WWE has the right to fully exploit its copyright in the HULK HOGAN character, including, specifically, whether WWE may continue to exploit its copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of WWE's copyrighted HULK HOGAN character depicted therein, and whether WWE may continue to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of WWE's copyrighted HULK HOGAN character depicted therein.

## COUNT V – DECLARATORY JUDGMENT

106.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

107.     WWE is the exclusive owner of copyrights in numerous works depicting performances and images of HULK HOGAN.

108.   In exploiting its copyrights in works depicting HULK HOGAN, WWE has the right under the First Amendment to use the HULK HOGAN name to communicate the artistic and/or expressive content of such works.

109.   To communicate the artistic and/or expressive content of WWE's copyrighted works depicting performances and/or images of HULK HOGAN, WWE has the right under the First Amendment to use the HULK HOGAN name within the content of WWE's copyrighted works to reference and identify HULK HOGAN.

110.   To communicate the artistic and/or expressive content of WWE's copyrighted works depicting performances and/or images of HULK HOGAN, WWE has the right under the First Amendment to use the HULK HOGAN name in advertising and/or promotion of such works to fairly and accurately reference, identify and/or describe performances and images of HULK HOGAN depicted therein.

111.   WWE and its performers further have the right under the First Amendment to discuss the historical role of HULK HOGAN in wrestling generally, and in WWE in particular.

112.   WWE and its performers also have the right under the First Amendment to perform parody or satire of HULK HOGAN.

113.   Marvel has disputed WWE's right to use the HULK HOGAN name in any way in connection with WWE's copyrighted works upon expiration of the 1985 Contract.

114.   Thus, an actual dispute and controversy exists with respect to whether, upon expiration of the 1985 Contract, WWE has the right under the First Amendment to continue to exploit its copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of HULK HOGAN depicted therein, and whether WWE may continue to use the HULK HOGAN name in the packaging and/or

advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of HULK HOGAN depicted therein.

115.   Likewise, an actual dispute or controversy exists as to WWE's and its performers' First Amendment right to mention, comment on, parody and/or satire HULK HOGAN.

116.   A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 *et seq.* as to whether WWE has the aforementioned rights under the First Amendment.

## COUNT VI—DECLARATORY JUDGMENT

117.   Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

118.   In demanding that WWE cease all use of the HULK HOGAN name upon expiration of the 1985 Contract, Marvel is purporting to enforce trademark rights it claims to own in the HULK HOGAN mark.

119.   Despite WWE's repeated inquiries, Marvel has refused to provide documentation proving its ownership of the HULK HOGAN mark.

120.   Thus, an actual dispute and controversy exists with respect to whether Marvel owns the HULK HOGAN mark, which rights it purports to be enforcing against WWE.

121.   A judicial declaration is, therefore, necessary pursuant to 28 U.S.C. § 2201 *et seq.* to determine whether Marvel owns the HULK HOGAN mark, so as to have the authority to purport to enforce those rights against WWE.

## PRAYER FOR RELIEF

WHEREFORE, WWE respectfully requests this Honorable Court to enter judgment in favor of WWE and award the following relief:

(i)       A declaration that the 1985 Contract expires on March 25, 2005.

(ii)      A declaration that WWE's exploitation of its copyrights in works depicting performances and images of HULK HOGAN after the expiration of the 1985 Contract in connection with WWE-branded goods or services is not likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection or association of WWE with Marvel Characters, or as to the origin sponsorship, or approval of WWE's goods, services or commercial activities by Marvel.

(iii)     A declaration that, upon expiration of the 1985 Contract, WWE has the right to continue to exploit its copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of HULK HOGAN depicted therein.

(iii)     A declaration that, upon expiration of the 1985 Contract, WWE has the right to continue to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of HULK HOGAN depicted therein.

(iv)      A declaration that, upon expiration of the 1985 Contract, WWE has the right to continue to fully exploit its copyrighted HULK HOGAN character by continuing to exploit WWE's copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of WWE's copyrighted HULK HOGAN character depicted therein, and to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or

23

describe performances and images of WWE's copyrighted HULK HOGAN character depicted therein.

(v)     A declaration that WWE has the right under the First Amendment to continue to exploit its copyrighted works containing auditory and visual references to the HULK HOGAN name in connection with performances and images of HULK HOGAN depicted therein, and to continue to use the HULK HOGAN name in the packaging and/or advertisement of WWE's copyrighted works to fairly and accurately reference, identify and/or describe performances and images of HULK HOGAN depicted therein.

(vi)     WWE's litigation costs and expenses, including attorneys' fees.

(vii)     Such other relief as this Court may deem just, proper, and equitable.

**JURY TRIAL DEMANDED**

Respectfully submitted,

Eugene Licker (EL 0334)
KIRKPATRICK & LOCKHART LLP
599 Lexington Avenue
New York, New York 10022-6030
(212) 536-3900 (phone)
(212) 536-3901 (fax)

Jerry S. McDevitt
Curtis B. Krasik
Sabrina J. Hudson
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500 (phone)
(412) 355-6501 (fax)

Dated:  December 17, 2004

Attorneys for Plaintiffs World Wrestling
Entertainment, Inc., WCW, Inc. and WWE
Libraries, Inc.