David Fleischer (DF 9230)
Jodi A. Kleinick (JK 3070)
Thomas J. Finn (TF 9736)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., a Delaware corporation, WCW, INC., a Delaware corporation, WWE LIBRARIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>- against -<br><br>MARVEL CHARACTERS, INC., a Delaware corporation,<br><br>Defendant. | 04 CV 05510 (VM)<br><br>**ANSWER TO**<br>**AMENDED COMPLAINT** |

Defendant Marvel Characters, Inc. ("Marvel"), by its attorneys, Paul, Hastings, Janofsky & Walker LLP, answering the amended complaint, alleges as follows:

1.  States that the allegations in paragraph 1 merely set forth plaintiffs' claims for relief as to which no responsive pleading is required and otherwise denies those allegations.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except admits that HULK HOGAN has been one of the most prominent wrestling characters over the past 20 years.

NY55/423113.2

3. States that the allegations in paragraph 3 constitute conclusions of law as to which no responsive pleading is required, except denies knowledge or information sufficient to form a belief as to the truth of such allegations insofar as WWE's use of the HULK HOGAN trademark is concerned.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Denies the allegations in paragraph 5, except admits that Marvel claims that it owns the trademark HULK HOGAN.

6. Denies the allegations in paragraph 6, except admits that Marvel has advised plaintiff World Wrestling Entertainment, Inc. ("WWE") it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the March 25, 1985, trademark licensing agreement among Marvel Comics Group, a division of Cadence Industries Corp. ("Cadence"), WWE f/k/a Titan Sports, Inc. and Terry Bollea.

7. States that the allegations in paragraph 7 merely set forth plaintiffs' claims for relief as to which no responsive pleading is required.

## PARTIES

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Admits the allegations in the first sentence of paragraph 13. Denies the allegations in the second sentence of paragraph 13 and avers that Marvel is a wholly owned subsidiary of Marvel Entertainment Group, Inc., which is a wholly owned subsidiary of Marvel Enterprises, Inc.

## JURISDICTION AND VENUE

14. States that the allegations in paragraph 14 constitute conclusions of law as to which no responsive pleading is required.

15. States that the allegations in paragraph 15 constitute conclusions of law as to which no responsive pleading is required.

16. States that the allegations in paragraph 16 constitute conclusions of law as to which no responsive pleading is required.

## THE FACTS

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admits that Terry Bollea has portrayed the Hulk Hogan character in connection with wrestling exhibitions.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Admits the allegations in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Denies the allegations in paragraph 21, except admits that Marvel and WWE entered into the agreement referred to in that paragraph (the "WWE License") and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

22. Denies the allegations in paragraph 22, except admits that under the WWE License, Marvel granted to WWE a license to use the trademarks HULK HOGAN, HULKAMANIA and HULKSTER, subject to the terms of the WWE License, and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

23. Denies the allegations in paragraph 23, and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

24. States that the allegations in paragraph 24 constitute conclusions of law as to which no responsive pleading is required and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

25. States that the allegations in paragraph 25 constitute conclusions of law as to which no responsive pleading is required and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

26. States that the allegations in paragraph 26 constitute conclusions of law as to which no responsive pleading is required and respectfully refers the Court to the WWE License for a true and complete statement of its contents, except admits that Bollea remains involved in wrestling.

27. States that the allegations in paragraph 27 constitute conclusions of law as to which no responsive pleading is required and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Denies the allegations in paragraph 31, except admits that on or around June 7, 1994, WCW, Bollea and Marvel Entertainment Group, Inc. entered into an agreement (the "WCW License") pursuant to which Marvel Entertainment Group, Inc. granted WCW the right to use the HULK HOGAN, HULKAMANIA and HULKSTER trademarks, subject to the terms of the WCW License, and respectfully refers the Court to the WCW License for a true and complete statement of its contents.

32. Admits the allegations in the first sentence of paragraph 32. Denies the allegations of the second sentence of paragraph 32, except admits that on or around February 27, 1995, Marvel Entertainment Group, Inc. and WCW entered into an agreement pursuant to which the WCW License was renewed for a two-year term beginning on June 1, 1995 and ending on May 31, 1997 pursuant to the terms of that renewal agreement; and that on or around May 27, 1997, Marvel and WCW entered into an agreement pursuant to which the WCW License was renewed for another two-year term beginning on June 1, 1997 and ending on May 31, 1999; and

that in or around June 1999, Marvel and WCW entered into an agreement pursuant to which the WCW License was renewed for an additional three-year term beginning on June 1, 1999 and ending on May 30, 2002.

33. Denies the allegations in paragraph 33, and respectfully refers the Court to the agreements referred to in that paragraph for true and complete statements of their contents.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Upon information and belief, denies the allegations in paragraph 39.

40. Denies the allegations in paragraph 40, and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Denies the allegations in paragraph 43, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License, and respectfully refers the Court to the correspondence referred to in that paragraph for a true and complete statement of its contents.

44. Denies the allegations in paragraph 44, and respectfully refers the Court to the letter referred to in that paragraph for a true and complete statement of its contents.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46 and respectfully refers the Court to the correspondence referred to in that paragraph for a true and complete statement of its contents.

47. Denies the allegations in paragraph 47, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

48. Denies the allegations in paragraph 48, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

49. Denies the allegations in paragraph 49 and respectfully refers the Court to the agreements referred to in that paragraph for a true and complete statement of its contents.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

54. States that the allegations in paragraph 54 constitute conclusions of law as to which no responsive pleading is required and otherwise denies hose allegations.

55. States that the allegations in paragraph 55 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

56. Denies the allegations in paragraph 56, and states that the licensor under the WWE License was Marvel Comics Group, a division of Cadence Industries Corp., and respectfully refers the Court to the WWE License for a true and complete statement of its contents.

57. Admits the allegations in paragraph 57.

58. Denies the allegations in paragraph 58.

59. Denies the allegations in paragraph 59.

60. Denies the allegations in paragraph 60, except admits that WWE has requested that Marvel provide it with documentation demonstrating its ownership of the HULK HOGAN trademark.

61. Denies the allegations in paragraph 61.

62. States that the allegations in paragraph 62 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## COUNT I

63. Repeats and realleges its answer to the allegations incorporated by reference in paragraph 63.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. Denies the allegations in paragraph 68.

69. Denies the allegations in paragraph 69.

70. Denies the allegations in paragraph 70.

71. Denies the allegations in paragraph 71.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, except denies that WWE owns any rights in or to the HULK HOGAN trademark.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, except denies that WWE owns any rights in or to the HULK HOGAN trademark.

74. Denies the allegations in paragraph 74.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76. Denies the allegations in paragraph 76.

77. Denies the allegations in paragraph 77.

78. Denies the allegations in paragraph 78.

79. Denies the allegations in paragraph 79, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

80. States that the allegations in paragraph 80 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

81. States that the allegations in paragraph 81 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

82. States that the allegations in paragraph 82 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## COUNT II

83. Repeats and realleges its answer to the allegations incorporated by reference in paragraph 83.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85. Denies the allegations in paragraph 85.

86. Denies the allegations in paragraph 86.

87. Denies the allegations in paragraph 87, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

88. States that the allegations in paragraph 88 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

89. States that the allegations in paragraph 89 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## COUNT III

90. Repeats and realleges its answer to the allegations incorporated by reference in paragraph 90.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, except denies that WWE owns any rights in or to the HULK HOGAN trademark.

92. Denies the allegations in paragraph 92.

93. Denies the allegations in paragraph 93.

94. Denies the allegations in paragraph 94, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

95. States that the allegations in paragraph 95 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

96. States that the allegations in paragraph 96 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## COUNT IV

97. Repeats and realleges its answer to the allegations incorporated by reference in paragraph 97.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, except denies that WWE owns any rights in or to the HULK HOGAN trademark.

99. Denies the allegations in paragraph 99.

100. Denies the allegations in paragraph 100.

101. Denies the allegations in paragraph 101.

102. Denies the allegations in paragraph 102.

103. Denies the allegations in paragraph 103, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

104. States that the allegations in paragraph 104 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

105. States that the allegations in paragraph 105 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## COUNT V

106. Repeats and realleges its answer to the allegations incorporated by reference in paragraph 106.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, except denies that WWE owns any rights in or to the HULK HOGAN trademark.

108. States that the allegations in paragraph 108 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

109. States that the allegations in paragraph 109 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

110. States that the allegations in paragraph 110 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

111. States that the allegations in paragraph 111 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

112. States that the allegations in paragraph 112 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

113. Denies the allegations in paragraph 113, except admits that Marvel has advised WWE that it has no right to use the HULK HOGAN, HULKAMANIA or HULKSTER trademarks upon termination of the WWE License.

114. States that the allegations in paragraph 114 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

115. States that the allegations in paragraph 115 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

116. States that the allegations in paragraph 116 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## COUNT VI

117. Repeats and realleges its answer to the allegations incorporated by reference in paragraph 117.

118. Admits the allegations in paragraph 118.

119. Denies the allegations in paragraph 119.

120. States that the allegations in paragraph 120 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

121. States that the allegations in paragraph 121 constitute conclusions of law as to which no responsive pleading is required and otherwise denies those allegations.

## FIRST AFFIRMATIVE DEFENSE

122. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

123. WWE licensed the HULK HOGAN, HULKAMANIA and HULKSTER trademarks from Marvel's predecessors in interest and, as a result WWE and its affiliates are estopped from challenging Marvel's ownership of those trademarks.

## THIRD AFFIRMATIVE DEFENSE

124. The WWE License expressly prohibits WWE from challenging Marvel's ownership of the HULK HOGAN, HULKAMANIA and HULKSTER trademarks.

## FOURTH AFFIRMATIVE DEFENSE

125. Counts I and II in the complaint are not ripe for review.

## FIFTH AFFIRMATIVE DEFENSE

126. Plaintiffs lack standing to assert any of the claims in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

127. Plaintiffs have failed to join a party required for a just adjudication of one or more claims in the complaint.

## FIRST COUNTERCLAIM – AGAINST WWE
### (Breach of Contract)

128.   Marvel is one of the world's most prominent character based entertainment companies, with a proprietary library of over 4,700 characters including Spider-Man, X-Men, Captain America, Fantastic Four and the Incredible Hulk. The characters and their related trademarks are valuable intellectual property and Marvel expends considerable effort to develop and protect these characters.

129.   On or about March 25, 1985, Marvel Comics Group, a division of Cadence Industries Corp. ("Cadence"), World Wrestling Entertainment, Inc. f/k/a Titan Sports, Inc. ("WWE") and Terry Bollea entered into a trademark licensing agreement pursuant to which Cadence granted WWE a license (the "WWE License") to use the HULK HOGAN, HULKAMANIA and HULKSTER trademarks in accordance with the terms set forth in the WWE License for a term of the earlier of 20 years from the date of the license or when Terry Bollea ceases to be involved with wrestling.

130.   On or about December 29, 1986, Cadence and Marvel Entertainment Group, Inc. ("Entertainment") engaged in a transaction pursuant to which Entertainment acquired all of the assets of Cadence and Cadence assigned all of the rights, title and interest to the HULK HOGAN, HULKAMANIA and HULKSTER trademarks to Entertainment.

131.   On or around September 1, 1995, Entertainment and Marvel entered into an agreement pursuant to which, *inter alia*, Entertainment assigned all of its right, title and interest to the HULK HOGAN, HULKAMANIA and HULKSTER trademarks to Marvel.

132.   Pursuant to paragraph 3 of the WWE License, WWE was obligated to pay royalties to Marvel in the amounts specified therein in connection with WWE's use of the HULK HOGAN, HULKAMANIA and HULKSTER trademarks.

133. Upon information and belief, WWE breached the WWE License by failing to accurately report and pay all of the royalties which are owed and due to Marvel pursuant to the WWE License.

134. Marvel has performed all of its obligations under the WWE License.

135. By virtue of the foregoing, Marvel has been damaged.

WHEREFORE, Marvel respectfully demands judgment (a) dismissing the complaint; (b) awarding damages with respect to its counterclaim against WWE in an amount to be determined at trial; and (c) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 10, 2005

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
David Fleischer (DF 9230)
Jodi A. Kleinick (JK 3070)
Thomas J. Finn (TF 9736)
Attorneys for Defendant
75 East 55th Street
New York, NY 10022
(212) 318-6000

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

FRANK N. DAGOSTINO, being duly sworn, deposes and says:

I am over the age of eighteen years, I am a employed by the law firm of Paul, Hastings, Janofsky & Walker LLP, and am not a party to this action. On the 10th day of January 2005, I served a true and correct copy of the annexed document described as ANSWER TO AMENDED COMPLAINT upon counsel for plaintiff by personally delivering to and leaving true copies of same as addressed below:

> KIRKPATRICK & LOCKHART LLP
> 599 Lexington Avenue
> New York, NY 10016
> Attn. Eugene R. Licker, Esq.

On the 10th day of January, 2005, I served an additional copy of the ANSWER TO AMENDED COMPLAINT upon KIRKPATRICK & LOCKHART LLP located at Henry W. Oliver Building, 535 Smithfield Street, Pittsburgh, PA 15222 Attn. Curtis B. Krasik, Esq. by enclosing a true and correct copy of same in postpaid overnight express mail envelope properly addressed to above address and depositing same in an official depository maintained by the United States Postal Service located at 909 Third Avenue, New York, NY 10022.

_____
Frank N. Dagostino

Sworn to before me this
10th day of January, 2005

_____
Notary Public

TYRONE MCBRIDE
NOTARY PUBLIC, State of New York
No. 01MC5039751
Qualified in New York County
Commission Expires Feb. 27, 2007