```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
WORLD WRESTLING ENTERTAINMENT, INC., :
WCW, INC., and WWE LIBRARIES, INC.,  :
                                     :
                    Plaintiffs,      :   04 CV 5510 (VM)
                                     :
     - against -                     :
                                     :   DECISION AND ORDER
MARVEL CHARACTERS, INC.,             :
                                     :
                    Defendant.       :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-6-05

ORIGINAL

**VICTOR MARRERO, United States District Judge.**

World Wrestling Entertainment, Inc. ("WWE"), WCW, Inc., and WWE Libraries, Inc. (collectively "Plaintiffs") brought this action against Marvel Characters, Inc. ("Marvel") seeking a declaratory judgment with respect to their right to use the character name, "Hulk Hogan," in describing and referring to performances and images of Hulk Hogan depicted in WWE's copyrighted works. Plaintiffs informed the Court, by letter dated March 7, 2005, that the Court no longer has subject matter jurisdiction over their claims for declaratory judgment because Marvel no longer owns the Hulk Hogan trademark. Due to this change of circumstances, Plaintiffs moved to dismiss the action in its entirety without prejudice.

The Court held a hearing on this matter on April 1, 2005 (the "April 1st Hearing"). For the reasons set forth in the statement made by the Court on the record at the April 1st Hearing, and in the Statement of the Court which is attached

MICROFILM -12:00 AM
APR - 8 2005

Returned to chambers for scanning on 4/11/05
Scanned by chambers on _____.

1

hereto and incorporated herein, the Court grants Plaintiffs' motion.

Accordingly, it is hereby

**ORDERED** that the present action is dismissed in its entirety without prejudice, on the condition that, should defendant Marvel Characters, Inc. bring an action against plaintiffs World Wrestling Entertainment, Inc., WCW, Inc., and/or WWE Libraries, Inc. ("Plaintiffs"), in state court based on the breach of contract claim that was asserted as a counterclaim in the instant action, Plaintiffs will not raise any statute of limitations defenses against that claim that may have arisen since the date of the filing of the counterclaim in the instant case, nor will they raise any defenses in such an action based on lack of personal jurisdiction.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:   New York, New York
         April 6, 2005

                                    _____
                                         Victor Marrero
                                            U.S.D.J.

<u>WORLD WRESTLING ENTERTAINMENT, INC., WCW, INC., and WWE LIBRARIES, INC. v. MARVEL CHARACTERS, INC.</u>, 04 Civ. 5510

Statement of the Court Regarding Plaintiffs' Motion to Dismiss

April 6, 2005

VICTOR MARRERO, United States District Judge.

World Wrestling Entertainment, Inc. ("WWE"), WCW, Inc., and WWE Libraries, Inc. (collectively "Plaintiffs") brought this action against Marvel Characters, Inc. ("Marvel") seeking a declaratory judgment with respect to their right to use the character name, "Hulk Hogan," in describing and referring to performances and images of Hulk Hogan depicted in WWE's copyrighted works. Plaintiffs informed the Court, by letter dated March 7, 2005, that the Court no longer has subject matter jurisdiction over their claims for declaratory judgment because Marvel no longer owns the Hulk Hogan trademark. Due to this change of circumstances, Plaintiffs moved to dismiss the action in its entirety without prejudice.

Although Marvel does not contest that Plaintiffs' declaratory judgment claims have been rendered moot, it has requested, by letter dated March 8, 2005, that the Court exercise its discretion to retain jurisdiction, "in the interest of justice," (Letter to Judge Marrero from David Fleischer dated March 8, 2005 at 1), over the one counterclaim it has raised against Plaintiffs. Marvel's counterclaim is

for breach of contract, a basis of liability governed by state law.

Although the Court has discretion to retain supplemental jurisdiction over state-law claims in cases where all federal-law claims have been dismissed, the factors that are to be considered in exercising that discretion weigh heavily against retaining jurisdiction over this case. The Supreme Court explained in Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7.

In the instant case, the remaining counterclaim does not implicate federal law. Moreover, the Court "has decided no motions (other than motions for permission to appear pro hac vice) before now, and does not now address the merits of . . . the state-law [counterclaim], so there will not be a great deal of duplication of judicial effort when [and if] a state court addresses the merits of [that counterclaim]." Elementis Chemicals, Inc. v. T. H. Agric. & Nutrition, L.L.C., No. 03 Civ. 5150, 2005 WL 236488, at *14 (S.D.N.Y. Jan. 31, 2005). For these reasons, the Court declines to retain jurisdiction

over this case.